Crew, J.
By the record in this case but two questions are presented for determination: 1. Did the circuit court err in sustaining the motions of defendant in error? 2. Did said court err in refusing to consider the bill of exceptions of the plaintiff in error?
It affirmatively appears from the record in this case that the circuit court sustained said motions and refused to consider said hill of exceptions on the sole ground, and for the reason only, that the original depositions and certified copy of the Illinois statute, which were offered and admitted in evidence on the trial of this cause in the court of common pleas, were not themselves attached as exhibits to said bill of exceptions, but were incorporated therein by copy only. In making up the bill of exceptions the original depositions offered and read at the trial instead of being attached to said bill as exhibits, were copied into it; and the copy of the Illinois statute and certificate of the secretary of state, which were given in evidence *418 on the trial in the common pleas were not themselves attached to said bill of exceptions, but copies thereof sufficiently and appropriately identified were attached thereto as exhibits and by proper reference were made part of said bill.
The bill so prepared was duly allowed and signed by the trial judge and ordered tó be made a part of the record, the entry of allowance being as follows': “On this ninth day of February, A. D., .1901, said defendant presented to the court its certain bill of exceptions, duly allowed and signed, and filed the same with the pleadings, and requested that the same 'be made a part of the records, - but. not spread upon ■the journal; and thereupon the court finds that said bill of exceptions was submitted, by the party excepting, to said plaintiff’s attorneys, the opposite counsel, as and within the time required by law; that thereafter said bill of exceptions was submitted to the Honorable David Warren Jones, the trial judge, for his signature, as and within the time prescribed by law; and that said bill of exceptions is true, and that the same has been allowed and signed by the trial judge in all respects as prescribed by law. Said bill of exceptions is therefore now allowed and signed and is hereby made a part of the records, but not to be spread upon the journal.”
There is no claim in this case that the documentary evidence brought into this bill of exceptions by means of copy, is not a true and correct transcript and copy of the depositions and documents given in evidence at the trial; but the sole contention of counsel for defendant in error is, that the bill of exceptions must contain the originals of the depositions and documents’ , given in evidence, and that the substitution of copies is not permissible and will not suffice.
*419 Where, as in this case, a reviewing court was asked to determine whether the trial court erred in overruling a motion for new trial on the alleged ground that the verdict was against the weight of the evidence, the rule is well settled and imperative, that it must expressly and affirmatively appear from the bill of exceptions itself, that such reviewing court has before it all the evidence that was before the trial court. In such case the judgment of the court being asked upon the sufficiency and weight of the evidence, it is essential that the whole of the evidence be embodied in the bill of exceptions or in some manner so made part of it$ as to leave no doubt that the reviewing court has before it all of the evidence that was before the trial court. But this rule does not require that such evidence shall in every instance be exhibited to the reviewing court, in the precise form in which it was presented to the trial court, and indeed f® so attempt to present it, would many time® be highly impracticable. For instance, if on the trial of a case a public record should be producedj and certain pages thereof offered in evidence, the original pages so offered could not be embodied in or attached to a bill of exceptions, except by copy, without mutilating or destroying said record. Yet if the contention of counsel for defendant in error be correct, in such case a bill of exceptions that contained only a copy of the pages so offered, although certified by the trial judge to be a correct copy, would! not be a true bill of exceptions, and could not be considered by the court to which it was presented because of the failure t® attach to, or embody therein, such original pages. Such contention we think does not rest in sound reason, nor is it in harmony with the prevailing practice in the several circuits of this state. *420 It is true that in some cases, in the preparation of a bill of exceptions, it is not permissible to substitute for the original a copy of the document or paper offered in evidence, but the original itself must be presented. But this is necessary only where something is to be determined by or from an inspection of the original, or where the document or paper is in its nature such that it cannot be exhibited by copy so as to present the question sought to be raised. If the authenticity of a document, or the genuineness of a signature, be the matter in dispute, an inspection of such document or an examination of such signature may be and oftentimes is of the utmost importance, and in such case the original and not a copy must be put into the bill of exceptions, for in such case the appearance, form or peculiarities of the thing in dispute of themselves constitute and are a part of the evidence and must therefore be presented to the reviewing court, and a failure to so produce the original would in such case be a failure to produce or exhibit the whole of the evidence. But where, as in this case, there is nothing in the depositions or documents which requires an examination by inspection, the reason for the rule ceases and the rule itself becomes inoperative. Where the question is not as to the authenticity of a deposition or document but only as to its contents, the reviewing court may be as well advised of that fact by a bill of exceptions containing a true copy of such deposition or document as by the production of the originals, and a bill of exceptions into which such deposition or document is copied would be and is in all respects as good and sufficient for the purpose of exhibiting the evidence to a reviewing court, as would be a bill to which such original documents were attached as exhibits. The only infirmity alleged or *421 claimed against the hill of exceptions in this case being the failure to attach thereto the original depositions and the certificate of the secretary of state of the state of Illinois, we think said bill is a valid and sufficient bill, and that the plaintiff in error was of right, entitled to have considered by the circuit court the whole ®f the evidence presented by said bill and was entitled to the judgment of said court upon the questions thereby presented, and that in sustaining the motions of defendant in error and in refusing to consider the depositions and documentary evidence above mentioned, said circuit court erred.

The judgment of the circuit court is therefore vacated and this cause is remanded to that court with instructions to overrule said motions and to consider said hill of exceptions.

Burket, C. J., Spear, Davis, Shauck and Price, JJ., concur.